1  Frank S. Hedin (SBN 291289)
   HEDIN HALL LLP
2  1395 Brickell Avenue, Suite 1140
   Miami, Florida 33131
3  Telephone: (305) 357-2107
   Facsimile: (305) 200-8801
4  Email: fhedin@hedinhall.com

5  Eugene Y. Turin (*pro hac vice* to be filed)
   MCGUIRE LAW, P.C.
6  55 W. Wacker Drive, 9th Fl.
   Chicago, Illinois 60601
7  Telephone: (312) 893-7002
   Email: eturin@mcgpc.com

8
   *Counsel for Plaintiff and the Putative Class*
9

10                 **UNITED STATES DISTRICT COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12

13  BAILIN HUMMITSCH, individually        Case No. _____
    and on behalf of all others similarly
    situated,
14                                        <u>CLASS ACTION</u>
            Plaintiff,
15
    v.                                    **CLASS ACTION COMPLAINT**
16
    REDBOX AUTOMATED RETAIL,
17  LLC,

18          Defendant.

19       Plaintiff Bailin Hummitsch, individually and on behalf of all others similarly

20  situated, complains and alleges as follows based on personal knowledge as to herself,

21  on the investigation of her counsel, and on information and belief as to all other matters.

22  Plaintiff believes that substantial evidentiary support exists for the allegations set forth

23

24

---

CLASS ACTION COMPLAINT                          Civil Case No.: _____

in this complaint, and that a reasonable opportunity for discovery will reveal such evidence.

## NATURE OF ACTION

1.     Plaintiff brings this Class Action Complaint for legal and equitable remedies resulting from the illegal actions of Redbox Automated Retail, LLC ("Defendant") in sending automated text message advertisements to her cellular telephone and the cellular telephones of numerous other individuals across the state of California, in clear violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## JURISDICTION AND VENUE

2.     The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3.     Personal jurisdiction and venue are proper because Plaintiff resides in Palmdale, California, which is located within this District; because Defendant directed the subject TCPA-violative text messages into this District by transmitting them to a cellular telephone number assigned to Plaintiff that bears an area code (661) corresponding to geographic locations exclusively within California and within this District; and because Plaintiff received such text messages in California and within this District, such that Plaintiff's claims alleged herein arose in substantial part from actions that Defendant directed into, and from harm that was felt by Plaintiff in, this California-based District.

## PARTIES

4. Plaintiff Bailin Hummitsch is an individual and a "person" as defined by 47 U.S.C. § 153(39). Plaintiff Hummitsch is a resident and citizen of Palmdale, California.

5. Defendant Redbox Automated Retail, LLC is the operator of a national DVD, Blu-ray, and video game rental service. Defendant is a Delaware corporation that maintains its headquarters in Oakbrook Terrace, Illinois. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6. "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants, Inc*, No. 19-631, 2020 WL 3633780, at *2 (U.S. July 6, 2020).

7. Thus, in 1991, with overwhelming public support, "Congress passed and President George H. W. Bush signed the Telephone Consumer Protection Act" to combat against these instrusive calls. *Id.*, at *3; *see also id.* ("The [TCPA] responded to a torrent of vociferous consumer complaints about intrusive robocalls."). "A leading Senate sponsor of the TCPA captured the zeitgeist in 1991, describing robocalls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.'" *Id.* (quoting 137 Cong. Rec. 30821 (1991)). "In enacting the TCPA, Congress found that banning robocalls was 'the only effective means of protecting telephone consumers from this nuisance and privacy invasion.' To that end, the TCPA imposed various restrictions on the use of automated telephone equipment." *Barr,* 2020 WL 3633780, at *3 (citation omitted).

8. "As relevant here, one restriction prohibit[s] 'any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice' to 'any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.'" *Id.* (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). This restriction "bars both automated voice calls and automated text messages." *Id.,* at *3 n.1 (citing See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14115 (2003)).

9. Moreover, as implemented by the Federal Communications Commission ("FCC"), the TCPA requires callers to obtain recipients' prior "express written consent" prior to transmitting autodialed calls or text messages containing "advertising" or "telemarketing" material. *See* 47 C.F.R. § 64.1200(a)(2) (barring any call, including any text message, "[t]]hat includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party").

10. According to findings by the FCC, autodialed calls and text messages are prohibited because receiving them is a greater nuisance and more invasive than receiving live or manually dialed telephone solicitations. The FCC also recognized that wireless customers are charged for such incoming calls and texts whether they pay in advance or after the minutes are used. Moreover, because cellular telephones are

carried on their owners' persons, unsolicited calls and texts transmitted to such devices via an autodialer are distracting and aggravating to their recipients and intrude upon their recipients' seclusion.

11. Thus, "[f]or nearly thirty years, the people's representatives in Congress have been fighting back" on behalf of American consumers to combat against the proliferation of these invasive, autodialed calls and text messages. *Barr*, 2020 WL 3633780, at *2. Nevertheless, despite the restrictions imposed by the TCPA, still today "[t]he Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone." *Id*.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. Plaintiff Hummitsch was at all times mentioned herein the subscriber or customary user of the cellular telephone number (661) ***-3207 (the "3207 Number"). The 3207 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii) within the state of California.

13. During the preceding four years, Defendant transmitted, by itself or through an intermediary or intermediaries, multiple text messages to Plaintiff's 3207 Number and at least one text message (that was identical to or substantially the same as those received by Plaintiff) to each member of the putative Class. All of the subject text messages sent to Plaintiff and the members of the putative Class constituted "advertisements" or "telemarketing" messages within the meaning of the TCPA and its implementing regulations because each such message was aimed at promoting the commercial availability of Defendant's products and services and ultimately selling

such products and services. Defendant offered such products and services for sale to Plaintiff and the members of the putative class for the purpose of deriving commercial profit from the purchase of any such products or services ultimately made by Plaintiff and members of the proposed Class.

14. All of the subject text messages received by Plaintiff and the members of the putative Class were transmitted by or on behalf of Defendant without the requisite prior "express written consent" of Plaintiff or any other member of the putative Class.

15. For example, on or about November 29, 2018, Defendant transmitted or caused to be transmitted, without Plaintiff's prior "express written consent," a text message to the 3207 Number that stated as follows:

> Join Redbox Perks to earn free stuff! Plus, you can play Winter Spin for your chance to win one of 1000s of instant prizes! Join now: http://m.rbx.me/w5YL7o

The link in the above-depicted text message redirected to a website operated and maintained by or on behalf of Defendant, where Defendant makes available for sale and advertises its products and services to consumers for commercial profit.

16. Each unsolicited text message sent by or on behalf of Defendant to Plaintiff's cellular telephone number originated from the telephone number 727272, which is a dedicated SMS short code leased or owned by or on behalf of Defendant that Defendant uses to transmit text messages to consumers *en masse*, in an automated fashion and without human intervention.

17. Because Plaintiff's cellular phone alerts her whenever she receives a text message, each unsolicited text message transmitted by or on behalf of Defendant to

CLASS ACTION COMPLAINT                6                Civil Case No.: _____

Plaintiff's cellular telephone number invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion upon receipt.

18.   All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff's cellular telephone number and to the numbers belonging to the unnamed Class members occurred using an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).  Specifically, Defendant utilized an "automatic telephone dialing system" because all such text messages were sent from a dedicated SMS short code used for the exclusive purpose of transmitting text messages to consumers *en masse*; because the subject text messages contained the same or substantially the same generic, pro forma content; because the dialing equipment utilized by or on behalf of Defendant to send such messages includes features substantially similar to a predictive dialer, inasmuch as it is capable of making or initiating numerous calls or texts simultaneously (all without human intervention); and because the hardware and software used by or on behalf of Defendant to make or initiate such messages have the capacity to store, produce, and dial random or sequential numbers, and to receive and store lists of telephone numbers, and to then dial such numbers, *en masse*, in an automated fashion without human intervention.

19.   And indeed, Defendant actually transmitted the text messages at issue in this case to Plaintiff and all other putative Class members in an automated fashion and without human intervention, with hardware and software that have the capacity to store, produce, and dial random or sequential numbers and which received and stored telephone numbers and then automatically dialed such numbers.

20. Neither Plaintiff nor any other member of the putative Class provided their prior "express written consent" to Defendant or any affiliate, subsidiary, or agent of Defendant to transmit the subject text message advertisements to Plantiff's 3207 Number or to any other Class member's cellular telephone number by means of an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A).

21. None of Defendant's text messages to Plaintiff's 3207 Number or to any other putative Class member's cellular telephone number was sent for an emergency purpose.

## CLASS ALLEGATIONS

22. <u>Class Definition</u>. Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23.  The "Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons who, at any time between the four years preceding the filing of this action and the present:
>
> (1) subscribed to a cellular telephone service;
>
> (2) in connection with such service, was assigned a telephone number bearing an area code that corresponds to geographic locations exclusively within California; and
>
> (3) received, at such cellular telephone number, at least one text message promoting Defendant's goods or services from the SMS short-code 727272.

23. Excluded from the class are Defendant, its officers and directors, members of the immediate families of the foregoing, legal representatives, heirs, successors, or assigns of the foregoing, and any entity in which Defendant has a controlling interest.

24. Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

25. Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates, agents, or subsidiaries acting on its behalf.

26. This Class Action Complaint seeks injunctive relief and monetary damages.

27. Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

28. This action may properly be brought and maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b). This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

29. On application by Plaintiff's counsel for class certification, Plaintiff may also seek certification of subclasses in the interests of manageability, justice, or judicial economy.

30. <u>Numerosity</u>. The Class is comprised of millions of persons, rendering it impractical to join each member of the Class as a named plaintiff. Because the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical, utilization of the class action mechanism is the most

economically feasible means of determining and adjudicating the merits of this litigation.

31. <u>Typicality</u>.  Plaintiff received at the 3207 Number (a cellular telephone number bearing a 661 area code, which corresponds to geographic locations exclusively within California) at least one text message from Defendant that originated from the telephone number 727272.  Consequently, Plaintiff's claims are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members she seeks to represent.  Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's TCPA-violative misconduct as alleged herein.

32. <u>Adequacy</u>.  As the proposed Class representative, Plaintiff has no interests adverse to or which conflict with the interests of the absent members of the Class, and she is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue these claims.  If necessary as the litigation (including discovery) progresses, Plaintiff may seek leave to amend this Class Action Complaint to modify the Class definition set forth above, add additional Class representatives, or assert additional claims.

33. <u>Competency of Class Counsel</u>.  Plaintiff has retained and are represented by experienced, qualified, and competent counsel committed to prosecuting this action. Plaintiff's counsel are experienced in handling complex class action claims, including in particular claims brought under the TCPA (as well as other consumer protection and data-privacy statutes).

34. *Commonality and Predominance*. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any Class member, include (but are not limited to) the following:

a) Whether Defendant or affiliates, subsidiaries, or agents of Defendant sent text message advertisements to Plaintiff's and Class members' cellular telephones from the SMS short code 727272;

b) Whether such text messages were sent using an "automatic telephone dialing system";

c) Whether Defendant can meet its burden to show that it (or any disclosed affiliate, subsidiary, or agent of Defendant acting on its behalf) obtained prior "express written consent" within the meaning of the TCPA to transmit the subject text messages to the recipients of such messages, assuming such an affirmative defense is timely raised; and

d) Whether Defendant or any affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

35. *Superiority.* A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the prosecution of individual litigation on behalf of each Class member is impracticable. Even if every member of the Class could afford to pursue individual litigation, the court system could not; multiple trials of the same factual issues would magnify the delay and expense to all

parties and the court system. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA and thus protect consumers' privacy. The interests of Class members in individually controlling the prosecution of separate claims is small because the statutory damages recoverable in an individual action for violation of the TCPA are likewise relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the text messages at issue are all automated and because Defendant lacks any record reflecting that it obtained the requisite consent from any Class member to be sent such messages. Class members can be readily located and notified of this class action by reference to Defendant's records and, if necessary, the records of Defendant's affiliates, agents, or subsidiaries and cellular telephone providers.

36. Additionally, the prosecution of separate actions by individual Class members would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could also establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

# CLAIM FOR RELIEF
# VIOLATION OF THE TELEPHONE
# CONSUMER PROTECTION ACT
# (47 U.S.C. § 227)

37. Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

38. Plaintiff and each member of the Class received, at a cellular telephone number bearing an area code that corresponds to geographic locations exclusively within California, at least one text message sent by or on behalf of Defendant from the SMS short code 727272 during the class period. All such messages sent to Plaintiff and the members of the proposed Class promoted the sale of Defendant's goods or services or the commercial availability of goods or services sold by Defendant; consequently, all such messages constituted "advertising" or "telemarketing" material within the meaning of the TCPA and its implementing regulations. Additionally, all such messages from the SMS short-code 727272 were sent via the same dialing technology, which qualified as an ATDS within the meaning of the TCPA, as evidenced by the generic nature of the text messages, the use of a dedicated short code telephone number to transmit each such message, and the capacities, capabilities, and features of the dialing technology at issue, as alleged above.

39. Neither Plaintiff nor any other member of the Class provided Defendant his or her prior "express written consent" within the meaning of the TCPA to receive the autodialed text message advertisements at issue in this case.

40. Defendant's use of an ATDS to transmit the subject text message advertisements to telephone numbers assigned to a cellular telephone service, including to Plaintiff's 3207 Number and the numbers of all members of the proposed Class,

absent the requisite prior "express written consent," as set forth above, constituted violations of the TCPA by Defendant, including but not limited to violations of 47 U.S.C. § 227(b)(1)(A)(iii).

41. Plaintiff and all other Class members are entitled to, and do seek, an award of $500.00 in statutory damages for each such violation of the TCPA committed by or on behalf of Defendant (or $1,500.00 for any such violations committed willfully or knowingly) pursuant to 47 U.S.C. § 227(b)(3).

42. Plaintiff, individually and on behalf of the putative Class, seek an award of attorneys' fees and costs to Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 23.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bailin Hummitsch prays for relief and judgment in favor of herself and the Class as follows:

A. Injunctive relief sufficient to ensure Defendant refrains from violating the TCPA in the future;

B. Statutory damages of $500.00 for herself and each Class member for each of Defendant's violations of 47 U.S.C. § 227(b)(1) (or $1,500.00 for each such violation to the extent committed willfully or knowingly);

C. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclass(es) the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the attorneys representing Plaintiff as counsel for the Class; and

D.   An award of attorneys' fees and costs to Plaintiff's counsel, payable from any class-wide damages recovered by the Class, pursuant to Federal Rule of Civil Procedure 23.

## DEMAND FOR JURY TRIAL

On behalf of herself and all others similarly situated, Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims and issues so triable.

Dated:  July 20, 2020               **HEDIN HALL LLP**

By:   /s/ Frank S. Hedin
        Frank S. Hedin

Frank S. Hedin (SBN 291289)
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone:  (305) 357-2107
Facsimile:   (305) 200-8801
Email: fhedin@hedinhall.com

Eugene Y. Turin*
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, Illinois  60601
Telephone: (312) 893-7002
Email: eturin@mcgpc.com

* *Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff and the Putative Class*