Susan J. Welde (SBN 205401)
    swelde@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336

Tamra Miller (SBN 224040)
    tmiller@jaszczuk.com
**JASZCZUK P.C.**
30 South Wacker Drive, Suite 2200
Chicago, IL 60606
Telephone: (312) 442-0509
Facsimile: (312) 442-0519

Attorneys for Defendant, REDBOX
AUTOMATED RETAIL, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAILIN HUMMITSCH, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>    vs.<br><br>REDBOX AUTOMATED RETAIL, LLC,<br><br>         Defendant. | CASE NO. 2:20-cv-06429-PA-PD<br><br>Trial Date: None Set<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

    Defendant Redbox Automated Retail, LLC ("Redbox" or "Defendant"), by and through its attorneys, Murchison & Cumming and Jaszczuk P.C., submits the

1

following Answer and Affirmative Defenses to the First Amended Class Action Complaint ("Amended Complaint") filed by Plaintiff Bailin Hummitsch ("Hummitsch" or "Plaintiff"):

## NATURE OF ACTION

1.     Plaintiff brings this Class Action Complaint for legal and equitable remedies resulting from the illegal actions of Redbox Automated Retail, LLC ("Defendant") in sending automated text message advertisements to her cellular telephone and the cellular telephones of numerous other individuals across the state of California, in clear violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:** Defendant admits that Plaintiff's Amended Complaint purports to assert a cause of action under the TCPA, and that Plaintiff seeks to assert this claim on a class basis.  Defendant denies that Plaintiff can bring claims on a class basis, denies that any class can be certified, denies that Plaintiff or the purported class has any claim against Defendant or is entitled to any relief against Defendant, and denies all other remaining allegations of this paragraph.

## JURISDICTION AND VENUE

2.     The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

**ANSWER:** Defendant admits that Plaintiff's Amended Complaint purports to assert a cause of action under the TCPA.  Defendant otherwise denies the remaining allegations of this paragraph.

3.     Personal jurisdiction and venue are proper because Plaintiff resides in Palmdale, California, which is located within this District; because Defendant directed the subject TCPA-violative text messages into this District by transmitting them to a cellular telephone number assigned to Plaintiff that bears an area code (661) corresponding to geographic locations exclusively within California and within this

1  District; and because Plaintiff received such text messages in California and within

2  this District, such that Plaintiff's claims alleged herein arose in substantial part from

3  actions that Defendant directed into, and from harm that was felt by Plaintiff in, this

4  California-based District.

5  **ANSWER:** Defendant lacks knowledge or information sufficient to form a

6  belief as to the truth of the allegations of this paragraph concerning the location of

7  Plaintiff's residence and the location in which Plaintiff received text messages.

8  Defendant admits that personal jurisdiction and venue are proper in this Court, but

9  otherwise denies the remaining allegations of this paragraph.

10                                **PARTIES**

11  4.  Plaintiff Bailin Hummitsch is an individual and a "person" as defined by

12  47 U.S.C. § 153(39). Plaintiff Hummitsch is a resident and citizen of Lancaster,

13  California.

14  **ANSWER:** Defendant lacks knowledge or information sufficient to form a

15  belief as to the truth of the allegations of this paragraph.

16  5.  Defendant Redbox Automated Retail, LLC is the operator of a national

17  DVD, Blu-ray, and video game rental service. Defendant is a Delaware corporation

18  that maintains its headquarters in Oakbrook Terrace, Illinois. Defendant is a "person"

19  as defined by 47 U.S.C. § 153(39).

20  **ANSWER:** Defendant admits that it rents DVDs and Blu-ray discs to

21  consumers through automated, self-service kiosks located in various retail outlets

22  nationwide.  Defendant further admits that it is a Delaware limited liability company,

23  and that its headquarters are located in Oakbrook Terrace, Illinois.  Defendant

24  otherwise denies the remaining allegations of this paragraph.

25  / / /

26  / / /

27  / / /

28

ANSWER TO FIRST AMENDED COMPLAINT

1    **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

2    6.    "Americans passionately disagree about many things. But they are

3    largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political*

4    *Consultants, Inc*, No. 19-631, 2020 WL 3633780, at *2 (U.S. July 6, 2020).

5    **ANSWER:** The allegations of this paragraph state legal conclusions,

6    arguments, and opinions to which no response is required.  To the extent a response is

7    required, Defendant denies that this paragraph accurately quotes or characterizes the

8    cited authorities or sets forth all relevant provisions of applicable law, and otherwise

9    denies the allegations of this paragraph.

10    7.    Thus, in 1991, with overwhelming public support, "Congress passed and

11    President George H. W. Bush signed the Telephone Consumer Protection Act" to

12    combat against these instrusive calls. *Id.*, at *3; *see also id.* ("The [TCPA] responded

13    to a torrent of vociferous consumer complaints about intrusive robocalls."). "A

14    leading Senate sponsor of the TCPA captured the zeitgeist in 1991, describing

15    robocalls as 'the scourge of modern civilization. They wake us up in the morning;

16    they interrupt our dinner at night; they force the sick and elderly out of bed; they

17    hound us until we want to rip the telephone right out of the wall.'" *Id.* (quoting 137

18    Cong. Rec. 30821 (1991)). "In enacting the TCPA, Congress found that banning

19    robocalls was 'the only effective means of protecting telephone consumers from this

20    nuisance and privacy invasion.' To that end, the TCPA imposed various restrictions

21    on the use of automated telephone equipment." *Barr*, 2020 WL 3633780, at *3

22    (citation omitted).

23    **ANSWER:** The allegations of this paragraph state legal conclusions,

24    arguments, and opinions to which no response is required.  To the extent a response is

25    required, Defendant denies that this paragraph accurately quotes or characterizes the

26    cited authorities or sets forth all relevant provisions of applicable law, and otherwise

27    denies the allegations of this paragraph.

28

8.    "As relevant here, one restriction prohibit[s] 'any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice' to 'any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.'" *Id*. (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). This restriction "bars both automated voice calls and automated text messages." *Id*., at *3 n.1 (citing See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14115 (2003)).

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required.  To the extent a response is required, Defendant denies that this paragraph accurately quotes or characterizes the cited authorities or sets forth all relevant provisions of applicable law, and otherwise denies the allegations of this paragraph.

9.    Moreover, as implemented by the Federal Communications Commission ("FCC"), the TCPA requires callers to obtain recipients' prior "express written consent" prior to transmitting autodialed calls or text messages containing "advertising" or "telemarketing" material. *See* 47 C.F.R. § 64.1200(a)(2) (barring any call, including any text message, "[t]]hat includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party").

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required.  To the extent a response is required, Defendant denies that this paragraph accurately quotes or characterizes the

cited authorities or sets forth all relevant provisions of applicable law, and otherwise denies the allegations of this paragraph.

10.    According to findings by the FCC, autodialed calls and text messages are prohibited because receiving them is a greater nuisance and more invasive than receiving live or manually dialed telephone solicitations. The FCC also recognized that wireless customers are charged for such incoming calls and texts whether they pay in advance or after the minutes are used. Moreover, because cellular telephones are carried on their owners' persons, unsolicited calls and texts transmitted to such devices via an autodialer are distracting and aggravating to their recipients and intrude upon their recipients' seclusion.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required.  To the extent a response is required, Defendant denies that this paragraph accurately quotes or characterizes the cited authorities or sets forth all relevant provisions of applicable law, and otherwise denies the allegations of this paragraph.

11.    Thus, "[f]or nearly thirty years, the people's representatives in Congress have been fighting back" on behalf of American consumers to combat against the proliferation of these invasive, autodialed calls and text messages. *Barr,* 2020 WL 3633780, at *2. Nevertheless, despite the restrictions imposed by the TCPA, still today "[t]he Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone." *Id.*

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required.  To the extent a response is required, Defendant denies that this paragraph accurately quotes or characterizes the cited authorities or sets forth all relevant provisions of applicable law, and otherwise denies the allegations of this paragraph.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

12.    Plaintiff Hummitsch was at all times mentioned herein the subscriber or customary user of the cellular telephone number (661) ***-0054 (the "0054 Number"). The 0054 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii) within the state of California.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13.    During the preceding four years, Defendant transmitted, by itself or through an intermediary or intermediaries, multiple text messages to Plaintiff's 0054 Number and at least one text message (that was identical to or substantially the same as those received by Plaintiff) to each member of the putative Class. All of the subject text messages sent to Plaintiff and the members of the putative Class constituted "advertisements" or "telemarketing" messages within the meaning of the TCPA and its implementing regulations because each such message was aimed at promoting the commercial availability of Defendant's products and services and ultimately selling such products and services. Defendant offered such products and services for sale to Plaintiff and the members of the putative class for the purpose of deriving commercial profit from the purchase of any such products or services ultimately made by Plaintiff and members of the proposed Class.

**ANSWER:**  Defendant admits that it sent certain text messages to the telephone number identified by Plaintiff after it received consent to do so, but the remaining allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required.  To the extent a response is required, Defendant denies that this paragraph accurately quotes or characterizes the cited authorities or sets forth all relevant provisions of applicable law.  Defendant further denies that any class exists, denies that Plaintiff can maintain this action as a class

action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

14.    All of the subject text messages received by Plaintiff and the members of the putative Class were transmitted by or on behalf of Defendant without the requisite prior "express written consent" of Plaintiff or any other member of the putative Class.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required.  To the extent a response is required, Defendant denies that this paragraph accurately quotes or characterizes the cited authorities or sets forth all relevant provisions of applicable law.  Defendant further denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

15.    For example, on or about November 29, 2018, Defendant transmitted or caused to be transmitted, without Plaintiff's prior "express written consent," a text message to the 0054 Number that stated as follows:

Join Redbox Perks to earn free stuff! Plus, you can play Winter Spin for your chance to win one of 1000s of instant prizes! Join now: http://m.rbx.me/w5YL7o

The link in the above-depicted text message redirected to a website operated and maintained by or on behalf of Defendant, where Defendant makes available for sale and advertises its products and services to consumers for commercial profit.

**ANSWER:** Defendant admits that it sent a text message to the phone number identified by Plaintiff on November 29, 2018, after receiving consent to send text messages to that number.  Defendant further admits that the text message contained a link to information applicable to Defendant's services.  Defendant otherwise denies the remaining allegations of this paragraph.

16.    Each unsolicited text message sent by or on behalf of Defendant to Plaintiff's cellular telephone number originated from the telephone number 727272,

which is a dedicated SMS short code leased or owned by or on behalf of Defendant that Defendant uses to transmit text messages to consumers *en masse*, in an automated fashion and without human intervention.

**ANSWER:** Defendant admits that it sent certain text messages to the phone number identified by Plaintiff utilizing the short code 727272, after receiving consent to send text messages to that number. Defendant otherwise denies the remaining allegations of this paragraph.

17.    Because Plaintiff's cellular phone alerts her whenever she receives a text message, each unsolicited text message transmitted by or on behalf of Defendant to Plaintiff's cellular telephone number invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion upon receipt.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff's cellular phone alerts her whenever she receives a text message." Defendant otherwise denies the remaining allegations of this paragraph.

18.    All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff's cellular telephone number and to the numbers belonging to the unnamed Class members occurred using an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A). Specifically, Defendant utilized an "automatic telephone dialing system" because all such text messages were sent from a dedicated SMS short code used for the exclusive purpose of transmitting text messages to consumers *en masse*; because the subject text messages contained the same or substantially the same generic, pro forma content; because the dialing equipment utilized by or on behalf of Defendant to send such messages includes features substantially similar to a predictive dialer, inasmuch as it is capable of making or initiating numerous calls or texts simultaneously (all without human intervention); and because the hardware and software used by or on behalf of

1  Defendant to make or initiate such messages have the capacity to store, produce, and
2  dial random or sequential numbers, and to receive and store lists of telephone
3  numbers, and to then dial such numbers, *en masse*, in an automated fashion without
4  human intervention.

5  **ANSWER:** The allegations of this paragraph state legal conclusions,
6  arguments, and opinions to which no response is required.  To the extent a response is
7  required, Defendant denies that this paragraph accurately quotes or characterizes the
8  cited authorities or sets forth all relevant provisions of applicable law.  Defendant
9  further denies that any class exists, denies that Plaintiff can maintain this action as a
10  class action, denies that the class as alleged can be certified, and denies the remaining
11  allegations of this paragraph.

12      19.    And indeed, Defendant actually transmitted the text messages at issue in
13  this case to Plaintiff and all other putative Class members in an automated fashion
14  and without human intervention, with hardware and software that have the capacity to
15  store, produce, and dial random or sequential numbers and which received and stored
16  telephone numbers and then automatically dialed such numbers.

17      **ANSWER:** The allegations of this paragraph state legal conclusions,
18  arguments, and opinions to which no response is required.  To the extent a response is
19  required, Defendant denies that this paragraph accurately quotes or characterizes the
20  cited authorities or sets forth all relevant provisions of applicable law.  Defendant
21  further denies that any class exists, denies that Plaintiff can maintain this action as a
22  class action, denies that the class as alleged can be certified, and denies the remaining
23  allegations of this paragraph.

24      20.    Neither Plaintiff nor any other member of the putative Class provided
25  their prior "express written consent" to Defendant or any affiliate, subsidiary, or
26  agent of Defendant to transmit the subject text message advertisements to Plaintiff's
27  0054 Number or to any other Class member's cellular telephone number by means of
28

an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A).

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies that this paragraph accurately quotes or characterizes the cited authorities or sets forth all relevant provisions of applicable law. Defendant further denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

21.　None of Defendant's text messages to Plaintiff's 0054 Number or to any other putative Class member's cellular telephone number was sent for an emergency purpose.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies that this paragraph accurately quotes or characterizes the cited authorities or sets forth all relevant provisions of applicable law. Defendant further denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

## CLASS ALLEGATIONS

22.　Class Definition. Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The "Class" which Plaintiff seeks to represent is comprised of and defined as follows:

All persons who, at any time between the four years preceding the filing of this action and the present:

(1)　subscribed to a cellular telephone service;

(2)    in connection with such service, was assigned a telephone number bearing an area code that corresponds to geographic locations exclusively within California; and

(3)    received, at such cellular telephone number, at least one text message promoting Defendant's goods or services from the SMS short-code 727272.

**ANSWER:**  Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

23.    Excluded from the class are Defendant, its officers and directors, members of the immediate families of the foregoing, legal representatives, heirs, successors, or assigns of the foregoing, and any entity in which Defendant has a controlling interest.

**ANSWER:**  Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

24.    Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

**ANSWER:**  Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

25.    Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates, agents, or subsidiaries acting on its behalf.

**ANSWER:**  Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

26.    This Class Action Complaint seeks injunctive relief and monetary damages.

ANSWER TO FIRST AMENDED COMPLAINT

1     **ANSWER:**  Defendant admits that the Amended Complaint purports to seek
2   injunctive relief and monetary damages, but Defendant denies that any class exists,
3   denies that Plaintiff can maintain this action as a class action, denies that the class as
4   alleged can be certified, denies that any relief is appropriate, and denies the remaining
5   allegations of this paragraph.

6           27.    Defendant or any affiliates, subsidiaries, or agents of Defendant have
7   acted on grounds generally applicable to the Class, thereby making final injunctive
8   relief and corresponding declaratory relief with respect to the Class as a whole
9   appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA
10  violations complained of herein are substantially likely to continue in the future if an
11  injunction is not entered.

12          **ANSWER:**  Defendant denies that any class exists, denies that Plaintiff can
13  maintain this action as a class action, denies that the class as alleged can be certified,
14  denies that any relief is appropriate, and denies the remaining allegations of this
15  paragraph.

16          28.    This action may properly be brought and maintained as a class action
17  pursuant to Federal Rule of Civil Procedure 23(a) and (b). This class action satisfies
18  the numerosity, typicality, adequacy, commonality, predominance, and superiority
19  requirements.

20          **ANSWER:**  Defendant denies that any class exists, denies that Plaintiff can
21  maintain this action as a class action, denies that the class as alleged can be certified,
22  and denies the remaining allegations of this paragraph.

23          29.    On application by Plaintiff's counsel for class certification, Plaintiff may
24  also seek certification of subclasses in the interests of manageability, justice, or
25  judicial economy.

26  / / /
27  / / /
28

1    **ANSWER:**  Defendant denies that any class exists, denies that Plaintiff can

2    maintain this action as a class action, denies that the class as alleged can be certified,

3    and denies the remaining allegations of this paragraph.

4         30.    Numerosity. The Class is comprised of millions of persons, rendering it

5    impractical to join each member of the Class as a named plaintiff. Because the size

6    and relatively modest value of the claims of the individual members of the Class

7    renders joinder impractical, utilization of the class action mechanism is the most

8    economically feasible means of determining and adjudicating the merits of this

9    litigation.

10    **ANSWER:**  Defendant denies that any class exists, denies that Plaintiff can

11    maintain this action as a class action, denies that the class as alleged can be certified,

12    and denies the remaining allegations of this paragraph.

13         31.    Typicality. Plaintiff received at the 0054 Number (a cellular telephone

14    number bearing a 661 area code, which corresponds to geographic locations

15    exclusively within California) at least one text message from Defendant that

16    originated from the telephone number 727272. Consequently, Plaintiff's claims are

17    typical of the claims of the members of the Class, and Plaintiff's interests are

18    consistent with and not antagonistic to those of the other Class members she seeks to

19    represent. Plaintiff and all members of the Class have been impacted by, and face

20    continuing harm arising out of, Defendant's TCPA-violative misconduct as alleged

21    herein.

22    **ANSWER:**  Defendant denies that any class exists, denies that Plaintiff can

23    maintain this action as a class action, denies that the class as alleged can be certified,

24    and denies the remaining allegations of this paragraph.

25         32.    Adequacy. As the proposed Class representative, Plaintiff has no

26    interests adverse to or which conflict with the interests of the absent members of the

27    Class, and she is able to fairly and adequately represent and protect the interests of

28

ANSWER TO FIRST AMENDED COMPLAINT

such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue these claims. If necessary as the litigation (including discovery) progresses, Plaintiff may seek leave to amend this Class Action Complaint to modify the Class definition set forth above, add additional Class representatives, or assert additional claims.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

33. Competency of Class Counsel. Plaintiff has retained and are represented by experienced, qualified, and competent counsel committed to prosecuting this action. Plaintiff's counsel are experienced in handling complex class action claims, including in particular claims brought under the TCPA (as well as other consumer protection and data-privacy statutes).

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

34. Commonality and Predominance. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any Class member, include (but are not limited to) the following:

a) Whether Defendant or affiliates, subsidiaries, or agents of Defendant sent text message advertisements to Plaintiff's and Class members' cellular telephones from the SMS short code 727272;

b) Whether such text messages were sent using an "automatic telephone dialing system";

    c)     Whether Defendant can meet its burden to show that it (or any disclosed affiliate, subsidiary, or agent of Defendant acting on its behalf) obtained prior "express written consent" within the meaning of the TCPA to transmit the subject text messages to the recipients of such messages, assuming such an affirmative defense is timely raised; and

    d)     Whether Defendant or any affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

**ANSWER:**  Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

35.    Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the prosecution of individual litigation on behalf of each Class member is impracticable. Even if every member of the Class could afford to pursue individual litigation, the court system could not; multiple trials of the same factual issues would magnify the delay and expense to all parties and the court system. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA and thus protect consumers' privacy. The interests of Class members in individually controlling the prosecution of separate claims is small because the statutory damages recoverable in an individual action for violation of the TCPA are likewise relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the text messages at issue are all

automated and because Defendant lacks any record reflecting that it obtained the requisite consent from any Class member to be sent such messages. Class members can be readily located and notified of this class action by reference to Defendant's records and, if necessary, the records of Defendant's affiliates, agents, or subsidiaries and cellular telephone providers.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

36. Additionally, the prosecution of separate actions by individual Class members would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could also establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

## CLAIM FOR RELIEF
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### (47 U.S.C. § 227)

37. Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

**ANSWER:** Defendant incorporates its responses and answers to the foregoing paragraphs.

38. Plaintiff and each member of the Class received, at a cellular telephone number bearing an area code that corresponds to geographic locations exclusively within California, at least one text message sent by or on behalf of Defendant from

the SMS short code 727272 during the class period. All such messages sent to
Plaintiff and the members of the proposed Class promoted the sale of Defendant's
goods or services or the commercial availability of goods or services sold by
Defendant; consequently, all such messages constituted "advertising" or
"telemarketing" material within the meaning of the TCPA and its implementing
regulations. Additionally, all such messages from the SMS short-code 727272 were
sent via the same dialing technology, which qualified as an ATDS within the meaning
of the TCPA, as evidenced by the generic nature of the text messages, the use of a
dedicated short code telephone number to transmit each such message, and the
capacities, capabilities, and features of the dialing technology at issue, as alleged
above.

**ANSWER:** The allegations of this paragraph state legal conclusions,
arguments, and opinions to which no response is required.  To the extent a response is
required, Defendant denies the allegations of this paragraph.

39.    Neither Plaintiff nor any other member of the Class provided Defendant
his or her prior "express written consent" within the meaning of the TCPA to receive
the autodialed text message advertisements at issue in this case.

**ANSWER:** The allegations of this paragraph state legal conclusions,
arguments, and opinions to which no response is required.  To the extent a response is
required, Defendant denies the allegations of this paragraph.

40.    Defendant's use of an ATDS to transmit the subject text message
advertisements to telephone numbers assigned to a cellular telephone service,
including to Plaintiff's 0054 Number and the numbers of all members of the proposed
Class, absent the requisite prior "express written consent," as set forth above,
constituted violations of the TCPA by Defendant, including but not limited to
violations of 47 U.S.C. § 227(b)(1)(A)(iii).

ANSWER TO FIRST AMENDED COMPLAINT

1    **ANSWER:** The allegations of this paragraph state legal conclusions,
2    arguments, and opinions to which no response is required.  To the extent a response is
3    required, Defendant denies the allegations of this paragraph.

4        41.    Plaintiff and all other Class members are entitled to, and do seek, an
5    award of $500.00 in statutory damages for each such violation of the TCPA
6    committed by or on behalf of Defendant (or $1,500.00 for any such violations
7    committed willfully or knowingly) pursuant to 47 U.S.C. § 227(b)(3).

8        **ANSWER:** Defendant denies that Plaintiff or putative class members are
9    entitled to any of the relief sought and otherwise denies the allegations of this
10   paragraph.

11       42.    Plaintiff, individually and on behalf of the putative Class, seek an award
12   of attorneys' fees and costs to Plaintiff's counsel pursuant to Federal Rule of Civil
13   Procedure 23.

14       **ANSWER:** Defendant denies that Plaintiff or putative class members are
15   entitled to any of the relief sought and otherwise denies the allegations of this
16   paragraph.

17                              **PRAYER FOR RELIEF**

18       WHEREFORE, Plaintiff Bailin Hummitsch prays for relief and judgment in
19   favor of herself and the Class as follows:

20       A.    Injunctive relief sufficient to ensure Defendant refrains from violating
21   the TCPA in the future;

22       B.    Statutory damages of $500.00 for herself and each Class member for
23   each of Defendant's violations of 47 U.S.C. § 227(b)(1) (or $1,500.00 for each such
24   violation to the extent committed willfully or knowingly);

25       C.    An Order certifying this action to be a proper class action pursuant to
26   Federal Rule of Civil Procedure 23, establishing an appropriate Class and any
27   Subclass(es) the Court deems appropriate, finding that Plaintiff is a proper

28

1    representative of the Class, and appointing the attorneys representing Plaintiff as

2    counsel for the Class; and

3        D.      An award of attorneys' fees and costs to Plaintiff's counsel, payable

4    from any class-wide damages recovered by the Class, pursuant to Federal Rule of

5    Civil Procedure 23.

6        **ANSWER:** Defendant denies that Plaintiff or putative class members are

7    entitled to any of the relief sought and otherwise denies the allegations of this

8    paragraph.

9                        **DEMAND FOR JURY TRIAL**

10       On behalf of herself and all others similarly situated, Plaintiff demands a trial

11   by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims and issues so

12   triable.

13       **ANSWER:** Defendant requests a jury trial as to all claims and issues so triable.

14                        **AFFIRMATIVE DEFENSES**

15       Defendant does not concede or waive the issue of which party bears the burden

16   of proof as to any of the following:

17                             **Consent**

18       1.      Pleading affirmatively, Defendant asserts that proper consent was

19   obtained to send the alleged texts to Plaintiff and putative class members.

20                        **Waiver – Class Claims**

21       2.      Pleading affirmatively, Defendant asserts that Plaintiff and putative class

22   members have waived any right to seek relief from Defendant on a class basis.

23                        **Waiver – Arbitration**

24       3.      Pleading affirmatively, Defendant asserts that Plaintiff and putative class

25   members have waived any right to pursue litigation against Defendant pursuant to

26   agreement(s) to arbitrate.

27

28

**Estoppel**

4.    Pleading affirmatively, Defendant asserts that Plaintiff's and putative
class members' claims are barred by the doctrines of waiver and estoppel.

**Unclean Hands / In Pari Delicto / Ratification**

5.    Pleading affirmatively, Defendant asserts that Plaintiff's claims are
barred by the doctrines of unclean hands and *in pari delicto* to the extent that
Plaintiff's own actions were the cause of her Amended Complaint.  For the same
reason, Plaintiff's claims are barred by the doctrine of ratification because Plaintiff
acquiesced to any conduct that allegedly caused her damages.

**Failure to Mitigate**

6.    Pleading affirmatively, Defendant asserts that Plaintiff's and putative
class members' claims are barred, in whole or in part, for failure to mitigate damages.

**Offset**

7.    Pleading affirmatively, Defendant asserts that any damages that are
found to be owed by Defendant should be offset against amounts that may be owed
by Plaintiff or putative class members to Defendant.

**Standing**

8.    Pleading affirmatively, Defendant asserts that Plaintiff and putative class
members are not within the zone of interests protected by the TCPA to the extent that
the cellular phone numbers allegedly texted were listed and associated with
commercial business ventures and to the extent Plaintiff and/or putative class
members are not the owners of, or subscribers to, the telephone numbers to which the
alleged texts were sent.

**Constitutionality**

9.    Pleading affirmatively, Defendant asserts that the Automatic Telephone
Dialing System provision of the TCPA cannot be constitutionally applied to any text
messages sent to Plaintiff or putative class members between the time period 2015

1   through July 6, 2020, as the provision during that time comprised a content-based

2   speech restriction violative of the First Amendment to the Constitution of the United

3   States.

4       10.   Pleading affirmatively, Defendant asserts that the TCPA violates the

5   First, Fifth, and Eighth Amendments to the Constitution of the United States and is

6   unconstitutional under State law.

7       11.   Pleading affirmatively, Defendant asserts that any award of statutory

8   and/or punitive damages to Plaintiff and/or putative class members would be grossly

9   disproportionate to any actual injury sustained by Plaintiff or any class member and

10   would therefore deny Defendant its rights under the Due Process and Excessive Fines

11   clauses of the United States Constitution.

12   **Statute of Limitations**

13       12.   Pleading affirmatively, Defendant asserts that, to the extent Plaintiff and

14   putative class members make claims for violations that occurred more than four years

15   prior to the date of the Amended Complaint, Plaintiff's and putative class members'

16   claims are barred by the applicable statute of limitations.  28 U.S.C. § 1658(a).

17   **Reassigned Numbers**

18       13.   Pleading affirmatively, Defendant asserts that, to the extent applicable,

19   Plaintiff's and putative class members' claims are barred by rulings exempting texts

20   and calls to reassigned phone numbers from TCPA liability.

21   **Improper Revocation**

22       14.   Pleading affirmatively, Defendant asserts that Plaintiff's and putative

23   class members' claims are barred to the extent consent to receive any of the alleged

24   texts at issue was improperly revoked.

25   **Article III Standing**

26       15.   Pleading affirmatively, Defendant asserts that Plaintiff's and putative

27   class members' interests were not violated by the alleged texts as they did not

28

1   constitute the nuisance, invasion of privacy, cost, and inconvenience from which

2   Congress intended to protect consumers and, accordingly, Plaintiff and putative class

3   members have not suffered concrete or particularized injuries traceable to any action

4   of Defendant sufficient to satisfy Article III or statutory standing requirements.

5   **Incomplete Calls**

6   16.   Pleading affirmatively, Defendant asserts that, to the extent any alleged

7   texts sent to Plaintiff's and putative class members' cellular telephone numbers were

8   blocked by call-blocking technology, or were otherwise not completed, those texts do

9   not constitute a violation of the TCPA.

10   **Inapplicability of FCC Rules and Orders**

11   17.   Pleading affirmatively, Defendant asserts that text messages are not

12   encompassed by the Telephone Consumer Protection Act, and that the Federal

13   Communications Commission exceeded its authority in holding that text messages

14   are regulated by the TCPA.  Pleading further, Defendant asserts that certain of the

15   Federal Communications Commission's orders relating to the TCPA are interpretive,

16   rather than legislative, rules.  Pleading further, Defendant asserts that it did not have

17   an adequate opportunity to seek review of all of the Federal Communications

18   Commission's orders relating to the TCPA.

19   **Indemnification**

20   18.   Pleading affirmatively, Defendant asserts that, to the extent Defendant

21   could be deemed to be liable for any damages, Defendant is entitled to

22   indemnification from one or more third parties.

23   **Reservation**

24   19.   Defendant does not yet have knowledge of all facts and evidence

25   surrounding this matter and, as a result, reserves its right to amend its Answer to raise

26   additional affirmative defenses as they are discovered.

27

28

1    DATED:  December 23, 2020          **MURCHISON & CUMMING,  LLP**

2

3                                        By:  _____/s/ Susan J. Welde_____

4                                             Susan J. Welde
                                              Attorneys for Defendant, REDBOX
5                                             AUTOMATED RETAIL, LLC

6

7    DATED:  December 23, 2020          **JASZCZUK P.C.**

8

9                                        By:  _____/s/ Tamra Miller_____

10                                            Tamra Miller
                                              Attorneys for Defendant, REDBOX
11                                            AUTOMATED RETAIL, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, Ninth Floor, Los Angeles, CA 90017-4613.

On December 23, 2020, I served true copies of the following document(s) described as **ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Frank S. Hedin, Esq.<br>HEDIN HALL, LLP<br>1395 Brickell Avenue, Ste 1140<br>Miami, Florida 33131<br>Telephone: (305)357-2107<br>Facsimile: (305)200-8801<br>Email: fhedin@hedinhall.com | Counsel for Plaintiff and the Putative Class |
| Eugene Y. Turin, Esq.<br>MCGUIRE LAW, P.C.<br>55 W. Wackher Dr., 9th Fl.<br>Chicago, Illinois 60601<br>Telephone: (312)893-7002<br>Email: eturin@mcgpc.com | Counsel for Plaintiff and the Putative Class |

**BY E-MAIL OR ELECTRONIC TRANSMISSION**: Pursuant to the E-Filing System of the United States District Court, Central District of California, to the parties at the e-mail addresses on the Court's website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2020, at Los Angeles, California.

_____
Roxanne Lopez